IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 4:04cr22/RH/GRJ
 4:16cv257/RH/GRJ

CURTIS LEE MANGO

## REPORT AND RECOMMENDATION

Petitioner has filed a pleading titled "Motion for Re-sentencing Pursuant to Title 28 U.S.C. § 2255(f)(3) under <u>Johnson</u> and <u>Welch</u> Claim." (ECF No. 84.)   Petitioner's submission is not on the court-approved form for use in section 2255 cases in accordance with Local Rule 5.7(A) for the Northern District of Florida.  This rule states that the court need not—and ordinarily will not—consider a motion that is not filed on the proper form. However Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   Therefore, after a review of Petitioner's submission and the record, the Court concludes that

1

amendment would be futile and that Petitioner's motion should be denied and dismissed.

## BACKGROUND and ANALYSIS

Defendant Curtis Mango pleaded guilty to a three-count indictment that charged him with possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a previously convicted felon. (ECF Nos. 3, 23–25.) The applicable guidelines range was 322 to 387 months imprisonment. (ECF No. 43, PSR ¶ 59.) This guideline range was calculated using a Chapter Four Career Offender enhancement based upon two prior felony drug convictions. (ECF No. 43, PSR ¶¶ 25, 29, 32.) The court imposed a sentence of 180 months imprisonment, well below the advisory guidelines range, finding such a sentence to be sufficient but not greater than necessary. (ECF No. 51, 52, 83.)[1] Defendant did not appeal, and he later unsuccessfully moved for relief under 18 U.S.C. § 3582(e)(2) (see ECF Nos. 55, 56, 74, 79, 80.)

Petitioner now contends in his motion for resentencing that he is entitled to relief under Johnson v. United States, 135 S.Ct. 2551 (2015),

---

[1] Petitioner's assertion in his motion for re-sentencing that he received a 322 month sentence is mistaken. (See ECF No. 84 at 1, 3).

because after Johnson, the application of the career offender adjustment is invalid.  Title 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen year sentence.  18 U.S.C. § 924(e)(1).  The statutory definition of a violent felony under ACCA is an offense that either "(i) has as en element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  18 U.S.C. § 924(e)(2)(B)(i) and (ii).  The Supreme Court ruled in Johnson that the italicized language, known as the "residual clause," violates the Constitution's guarantee of Due Process due to vagueness.  Johnson v. United States, 135 S.Ct. 2551, 2563 (June 26, 2015).  The Court recently held that the Johnson decision applies retroactively on collateral review.  Welch v. United States, 136 S.Ct. 1257 (2016).

Petitioner's contention that in light of Johnson and Welch, his sentence now violates due process is both foreclosed by current circuit precedent as well as factually mistaken.  Petitioner bases his argument on the fact that the definition of a "crime of violence" contained in U.S.S.G.  §

4B1.2(a)(2) tracks the language of the residual clause of the ACCA. He concludes that if the residual clause contained in the ACCA has been found unconstitutional, the same must be true of the residual clause in the Sentencing Guidelines.

The Eleventh Circuit has held, however, that the Supreme Court's decision in Johnson does not apply to challenges to sentence enhancements based on the United States Sentencing Guidelines, and that individual sentencing guidelines cannot be unconstitutionally vague. United States v. Matchett, 802 F.3d 1185, 1194–96 (11th Cir. 2015); *see also* Beckles v. United States, 616 Fed. App'x. 415, 416 (11th Cir. 2015) ("Johnson says and decided nothing about career-offender enhancements under the Sentencing Guidelines."); *but see* In re Robinson, Case 16-11304-D; 2016 WL 1583616, at *2, n.2 (11th Cir. Apr. 19, 2016) (noting that all ten of the other courts of appeal have either held or assumed that Matchett was incorrect and have applied Johnson to guidelines adjustments). Because this court is bound by Eleventh Circuit precedent, a challenge to the application of the § 4B1.1 career offender enhancement based on the use of the "residual clause" of the guidelines § 4B1.2 must fail.

Even assuming for sake of argument that Matchett were vacated or overturned, Petitioner still would not be entitled to relief because the residual clause of the career offender guideline had no bearing on the application of the enhancement in his case. Application of the Chapter Four enhancement requires "at least two prior felony convictions of *either* a crime of violence *or* a controlled substance offense." USSB § 4B1.1(a) (emphasis supplied). The PSR reflects that the only two offenses supporting the career offender adjustment were the felony drug offenses for possession of cocaine with intent to sell and attempted sale of cocaine, and sale of cocaine and possession of cocaine with intent to sell. (ECF No. 43, PSR ¶¶ 25, 29, 32.) Therefore, application of the reasoning in Johnson to the guidelines is of no benefit to Petitioner.

Furthermore, the Sentencing Commission has adopted an amendment to the definition of "crime of violence" contained in U.S.S.G. § 4B1.2(a)(2), which appears to be at least partially in response to the disagreement among the Circuits about the application of Johnson to the parallel provision in the Sentencing Guidelines. The proposed amendment would eliminate the residual clause and revise the list of specific enumerated offenses qualifying as crimes of violence.[2] The effective date

---

[2] *See* http://www.ussc.gov/news/press-releases-and-news-advisories/january-8-2016

of this proposed amendment would be August 1, 2016. Even if the amendment is ultimately adopted and made retroactive, it nonetheless would not impact Petitioner's sentence for the same reason discussed above.

In sum, neither Johnson and its progeny, nor the proposed amendment to the Sentencing Guidelines, affords Petitioner relief in this case. Petitioner's motion, therefore, should be summarily denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 84) should be summarily **DENIED and DISMISSED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 10th day of May, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.