IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:04cr22-RH/GRJ
                                                  4:16cv257-RH/GRJ

CURTIS LEE MANGO,

     Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 86, and the objections, ECF No. 87. I have reviewed *de novo* the issues raised by the objections. This order accepts the report and recommendation and denies the § 2255 motion.

The bottom line is this: the defendant was properly sentenced as a career offender under the United States Sentencing Guidelines because he had two prior convictions for cocaine-distribution offenses and met the other requirements for career-offender treatment. *See* U.S. Sentencing Guidelines Manual § 4B1.1(a) (setting out the grounds for career-offender treatment and including in the list of

predicate offenses a "controlled substance offense"); *id.* § 4B1.2(b) (defining "controlled substance offense" to include an offense prohibiting distribution of a controlled substance). The cocaine-distribution convictions were and are career-offender predicate offenses, even after *Johnson v. United States*, 135 S. Ct. 2551 (2015). They will still be career-offender predicate offenses, even if the pending guideline amendment is adopted.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is DENIED.

SO ORDERED on May 28, 2016.

s/Robert L. Hinkle<br>United States District Judge